NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JAMES W. PERRY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7116

---

Appeal from the United States Court of Veterans Claims in case no. 10-1673, Judge William A. Moorman.

---

## ON MOTION

---

Before BRYSON, LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

Upon review of the parties' briefs, the court considers whether to dismiss this appeal for lack of jurisdiction.

Perry served on active duty from 1968 to 1979. His claim for a service-connected back disability was first denied in 1989. The Board of Veterans' Appeals and the United States Court of Appeals for Veterans Claims (Veterans Court) remanded his claim a number of times for further factual findings. Most recently, Perry argued to the Veterans Court that a 2009 medical opinion regarding his back was inadequate because the examiner failed to make several findings. He also argued that his obesity is a result of his service-connected diabetes.

The Veterans Court found that the medical opinion was adequate, and that it did not have jurisdiction over his obesity claim because that issue had not been presented to the Board of Veterans' Appeals. The Veterans Court denied Perry's subsequent motion for reconsideration because it included a new argument, not previously argued to the Board of Veterans Appeals.

This appeal followed. This court's jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof, relied on by the Veterans Court in its decision. This court may also entertain challenges to the validity of a statute or regulation and may interpret constitutional and statutory provisions as needed for resolution of the matter. *See* 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. *See* 38 U.S.C. § 7292(d)(2).

Although Perry was not required to file a legally impeccable submission to proceed on appeal, he was required to demonstrate that this court has jurisdiction, and

he has failed to make such a showing. In his informal brief, he indicated that he did not believe that the Veterans Court decided any constitutional issues. He does argue that the Veterans Court decision involved the validity or interpretation of a statute. He cites to regulations 38 C.F.R. §§ 3.307, 3.309, and 3.310, but does not elaborate on his arguments. The Veterans Court decision did not rely on or cite to these regulations, pertaining to presumptive service connections.

Perry further refers to "the VA fraud of 2008" and accuses Veterans Affairs of "high crimes, misdemeanors, waste, fraud, and abuse" without showing how these allegations implicate his claim relating to service connection or the interpretation or validity of any statutes. Moreover, any fraud claims that Perry may attempt to advance now were not presented to the Veterans Court and are therefore inappropriate to raise for the first time on appeal. *Forshey v. Principi*, 284 F.3d 1335, 1351 (Fed. Cir. 2002).

Because the court cannot discern an issue over which it has jurisdiction, Perry's appeal must be dismissed.

IT IS ORDERED THAT

(1)  The appeal is dismissed.

(2)  All pending motions are moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

 /s/ Jan Horbaly    
Jan Horbaly
Clerk

s24